**In Re DUKE ENERGY CORP. SECURITIES & "ERISA" LITIGATION**

**No. 1493.**

Judicial Panel on Multidistrict Litigation.

July 9, 2003.

Before WM. TERRELL HODGES,* Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN * and J. FREDERICK MOTZ, Judges of the Panel.

## ORDER DENYING MOTION AS MOOT

JOHN F. KEENAN, Acting Chairman.

This litigation presently consists of sixteen actions: thirteen actions in the Southern District of New York and three actions in the Western District of North Carolina. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by Duke Energy Corp. (Duke Energy) and related defendants seeking centralization of these sixteen actions in the Western District of North Carolina. All responding parties support centralization of all actions in a single federal court,[1] but disagree on the most appropriate transferee district for this litigation. In addition to the Western District of North Carolina, responding parties suggest selection of the Southern District of New York as transferee district.

On December 26, 2002, the New York court dismissed the consolidated New York actions for failure to state a claim and lack of particularity, but directed that the clerk of the court not enter final judgment until the court issues its written opinion. This opinion has not yet been filed.

In light of the dismissal of the New York actions, this docket has been deprived of its multidistrict character. Accordingly, the Duke Energy defendants' Section 1407 motion is dismissed as moot at this time.[2]

## SCHEDULE A

*MDL–1493—In re Duke Energy Corp. Securities & "ERISA" Litigation*

*Southern District of New York*

*In re Duke Energy Corp. Securities Litigation,* C.A. No. 1:02–3960

*Wickerware, Inc. Profit Sharing Plan v. Duke Energy Corp., et al.,* C.A. No. 1:02–4084

*Barry Family, L.P. v. Duke Energy Corp., et al.,* C.A. No. 1:02–4340

*Donald Goldstein v. Duke Energy Corp., et al.,* C.A. No. 1:02–4514

*David L. Boushey v. Duke Energy Corp., et al.,* C.A. No. 1:02–4693

*Margie Elstein v. Duke Energy Corp., et al.,* C.A. No. 1:02–4916

*Sandra Finkel, et al. v. Duke Energy Corp., et al.,* C.A. No. 1:02–4949

*J.B. Pozner Trust v. Duke Energy Corp., et al.,* C.A. No. 1:02–5023

*Alan Kushner v. Duke Energy Corp., et al.,* C.A. No. 1:02–5055

---

* Judges Hodges, Sear and Jensen took no part in the decision of this matter.

1. One of the Western District of North Carolina actions before the Panel and a potential tag-along action filed there were brought under the Employee Retirement Income Security Act of 1974 (ERISA) and were recently dismissed. Plaintiffs in these actions had suggested that actions brought under the federal securities laws and the ERISA actions be separately consolidated and coordinated for certain, limited discovery in one federal court.

2. If in its anticipated opinion, the New York court affords the New York plaintiffs an opportunity to replead their complaints, Duke Energy can submit another Section 1407 motion. Likewise, any party can submit another Section 1407 motion regarding Duke Energy actions if their multidistrict character re-emerges.

*Henry Willet v. Duke Energy Corp., et al.,* C.A. No. 1:02–5197

*Elliott S. Honig v. Duke Energy Corp., et al.,* C.A. No. 1:02–5529

*Mikel Kinser, et al. v. Duke Energy Corp., et al.,* C.A. No. 1:02–5711

*Sandra Finkel v. Duke Energy Corp., et al.,* C.A. No. 1:02–5770

*Western District of North Carolina*

*Astro, Weiss, Kaplan & Mandel LLP Pension v. Duke Energy Corp., et al.,* C.A. No. 3:02–224

*Leon Kramer, et al., v. Duke Energy Corp., et al.,* C.A. No. 3:02–242

*Jim Matthews v. Duke Energy Corp, et al.,* C.A. No. 3:02–291